IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CELL AND NETWORK SELECTION LLC, | § § § § § § § § § § § § | |
| *Plaintiff*, | | Civil Action No. |
| v. | | |
| AT&T INC., AT&T MOBILITY LLC, SIERRA WIRELESS, INC. AND SIERRA WIRELESS AMERICA, INC., | | JURY TRIAL DEMANDED |
| *Defendants*. | | |

## ORIGINAL COMPLAINT

Cell and Network Selection LLC ("CNS"), by and through its attorneys, for its Original Complaint against Defendants AT&T Inc., AT&T Mobility LLC, Sierra Wireless, Inc. and Sierra Wireless America, Inc. (collectively, "Defendants"), hereby alleges as follows:

### I.  NATURE OF THE ACTION

1. This is a patent infringement action to end Defendants' unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of products and methods incorporating Plaintiff CNS's patented inventions.

2. CNS holds all substantial rights and interest in and to United States Patent No. 6,195,551 (the "'551 Patent"), issued on February 27, 2001, for "Idle Handoff Controlling Method in Cellular Communication System." A true and correct copy of the '551 Patent is attached hereto as Exhibit 1.

3. Each of the Defendants makes, uses, sells and imports infringing products and provides infringing services in violation of the Patent. Plaintiff CNS seeks injunctive relief to prevent Defendants from continuing infringement of Plaintiff's patent rights. Plaintiff CNS further seeks monetary damages and prejudgment interest for Defendants' past infringement of the '551 Patent.

4. This is an exceptional case, and CNS is entitled to damages, enhanced damages, attorneys' fees, costs, and expenses.

## II. THE PARTIES

5. Plaintiff CNS is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 6136 Frisco Square Boulevard, Suite 385, Frisco, TX 75034.

6. Upon information and belief, Defendant AT&T Inc. is a Delaware corporation with its principal place of business located at 208 S. Akard Street, Dallas, Texas 75202. AT&T Inc.'s registered agent for service of process in Texas is CT Corporation System Trust Center, 350 N. St. Paul St., Dallas, Texas 75201. AT&T Inc. does business within the State of Texas and this District.

7. Upon information and belief, Defendant AT&T Mobility LLC is a Delaware limited liability company with its principal place of business located at Glenridge Highlands Two, 5565 Glenridge Connector, Atlanta, Georgia 30342. AT&T Mobility LLC has appointed CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process. AT&T Mobility LLC does business within the State of Texas and this District. Together with AT&T Inc., AT&T Mobility LLC is referenced herein as "AT&T."

8. Upon information and belief, Defendant Sierra Wireless America, Inc. is a Delaware corporation with its principal place of business located at 2200 Faraday Ave., Suite 150, Carlsbad, CA, 92008. Sierra Wireless America, Inc. has appointed RL&F Service Corp., 920 N. King Street 2nd Floor, Wilmington, DE 19801 as its agent for service of process. Sierra Wireless America, Inc. does business within the State of Texas.

9. Upon information and belief, Defendant Sierra Wireless, Inc. is a Canadian corporation with its principal place of business located 13811 Wireless Way, Richmond, British Columbia V6V 3A4 Canada, where it may be served with process. Sierra Wireless, Inc. does business within the State of Texas. Together with Sierra Wireless America, Inc., Sierra Wireless, Inc. is referenced herein as "Sierra Wireless."

### III.   JURISDICTION AND VENUE

10. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

11. This Court has personal jurisdiction over each of the Defendants, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

## IV.  PLAINTIFF'S '551 PATENT

12. The '551 Patent relates to automated cellular communication systems. In accordance with the '551 Patent, a system is provided in which efficient handoff occurs between multiple base stations with respect to which a portable device such as a cellular handset is in communication range. If the mobile device detects a pilot channel signal from another base station that is sufficiently stronger than that of the current base station and other circumstances indicate a handoff is advantageous, the mobile device determines that an idle handoff should occur and affects such a handoff.

13. CNS holds all substantial rights in and to the '551 Patent, including all rights to recover for all past and future infringements thereof.

## VI.  DEFENDANTS' ACTS

**AT&T**

14. AT&T provides, makes, uses, sells, offers for sale, and/or distributes infringing systems. The infringing systems include, for example, LTE (4G) phones and other devices as deployed with Sierra Wireless including, but not limited to the AT&T Mobile Hotspot Elevate 4G (also known as the Sierra Wireless AirCard® 754S mobile hotspot) and AT&T Unite. AT&T launched LTE service in at least Atlanta, Chicago, Dallas, Houston and San Antonio. AT&T provides related services and instructions for the infringing operation of such systems to its customers.

15. Through its actions, AT&T has directly infringed the '551 Patent. In addition, with knowledge of the '551 Patent at least as early as the filing of Plaintiff's complaint, AT&T has actively induced others including its customers to infringe and contributed to the infringement by others of the '551 Patent throughout the United States, knowing that CNS alleges such activities to be infringing.

16. CNS has been and will continue to suffer damages as a result of Defendant AT&T's infringing acts unless and until enjoined.

**Sierra Wireless**

17. Sierra Wireless provides, makes, uses, sells, offers for sale, and/or distributes infringing systems. The infringing systems include, for example, LTE mobile hotspots and dongles deployed with AT&T including, but not limited to the AT&T Mobile Hotspot Elevate 4G (also known as the Sierra Wireless AirCard® 754S mobile hotspot) and AT&T Unite. Sierra Wireless provides related services and instructions for the infringing operation of such systems to its customers.

18. Through its actions, Sierra Wireless has directly infringed the '551 Patent. In addition, with knowledge of the '551 Patent at least as early as the filing of Plaintiff's complaint, Sierra Wireless has actively induced others including its customers to infringe and contributed to the infringement by others of the '551 Patent throughout the United States, knowing that CNS alleges such activities to be infringing.

19. CNS has been and will continue to suffer damages as a result of Defendant Sierra Wireless's infringing acts unless and until enjoined

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO. 6,195,551

20. Plaintiff CNS realleges and incorporates herein paragraphs 1–19.

21. Defendants have directly infringed the '551 Patent in violation of 35 U.S.C. §271(a).

22. Defendants have indirectly infringed the '551 Patent by inducing the infringement of the '551 Patent and contributing to the infringement of the '551 Patent in violation of 35 U.S.C. §§271(b) and (c), including by their respective customers.

23. Upon information and belief, Defendants have jointly infringed the '551 Patent, including by controlling, instructing and/or directing others to perform one or more of the claimed method steps.

24. Defendants' aforementioned acts have caused damage to CNS and will continue to do so unless and until enjoined.

## VII.  JURY DEMAND

25. Plaintiff CNS hereby demands a jury on all issues so triable.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff CNS respectfully requests that the Court:

    A. Enter judgment that each Defendant infringes one or more claims of the '551 Patent literally and/or under the doctrine of equivalents;

    B. Permanently enjoin each Defendant, its agents, servants, and employees, and all those in privity with each Defendant or in active concert and participation with any of the Defendants, from engaging in acts of infringement of the '551 Patent;

C. Award Plaintiff CNS past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the '551 Patent in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

D. Declare this case exceptional pursuant to 35 U.S.C. §285; and

E. Award Plaintiff CNS its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Respectfully Submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dpelaw.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dpelaw.com
Chester J. Shiu
Texas State Bar No. 24071126
cshiu@dpelaw.com
John D. Saba Jr.
Texas State Bar No. 24037415
jsaba@dpelaw.com
DINOVO PRICE ELLWANGER
& HARDY LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2622
Facsimile: (512) 539-2627

*Counsel for Cell and Network Selection LLC*