# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CELL AND NETWORK SELECTION LLC, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> AT&T, INC., *et al.,* § <br> § <br> *Defendants.* § | Civil Action No. 6:13-cv-0403-LED-KNM <br><br> (Lead Case) <br><br><br> JURY TRIAL DEMANDED |
| CELL AND NETWORK SELECTION LLC, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> METROPCS COMMUNICATIONS, INC., § <br> *et al.,* § <br> § <br> *Defendants.* § | Civil Action No. 6:13-cv-0404-LED-KNM <br><br><br><br> JURY TRIAL DEMANDED |

## FOURTH AMENDED DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **Trial Date** <br><br> **March 9, 2015** <br><br> Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas. |
| **ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:** <br><br> A.   On the first day of trial, each party is required to have on hand the following: <br>     (1)   One copy of their respective original exhibits. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number. In addition, exhibits shall be placed in properly marked manilla folders and contained in a box with handles. <br>     (2)   Three (3) hard copies of their exhibit list and witness list. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Orders & Forms." ||

| | |
|---|---|
| B. | During trial on a daily basis, each party shall tender to the Court a list of exhibits admitted for each day. A description of the exhibits is not necessary, just a list containing the exhibit numbers. For example, Plaintiff will submit a document entitled, "Plaintiff's List of Exhibits Admitted on (the date)." Said daily lists are to be tendered the following day. (If trial commences on Monday, Monday's list will be due Tuesday morning and so on until the conclusion of trial). |
| C. | At the conclusion of the evidentiary phase of trial, each party shall be responsible for pulling those exhibits admitted at trial and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations. |
| D. | At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom. |
| E. | Within five business days of the conclusion of trial, each party shall submit to the Court (to Chambers) the following: <br>(1) A Final Exhibit List of Exhibits Admitted During Trial, and in addition provide the Court a disk containing this document in Word format. <br>(2) A disk or disks containing their respective admitted trial exhibits in PDF format, with the exception of sealed exhibits. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be copied on a separate disk. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and shall be included in the Court's disk of admitted exhibits. <br>(3) A disk or disks containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition. |
| F. | After verification of final exhibit lists, the Courtroom Deputy shall file and docket the lists, and the disk or disks containing the exhibits in PDF format shall be stored in the Clerk's Office. |

| | |
|---|---|
| **March 2, 2015**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| **February 19, 2015**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge K. Nicole Mitchell, Tyler, Texas.**<br><br>All pending motions will be heard. |
| *February 17, 2015* | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| *February 12, 2015* | Responses to Motions in Limine due. |
| *February 9, 2015* | **Motions in Limine due**. The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| *February 9, 2015* | **Pretrial Objections due**. |

| | |
|---|---|
| *January 30, 2015* | **Objections to Rebuttal Deposition Testimony due** |
| *January 26, 2015* | **Rebuttal Designations and Objections to Deposition Testimony due**. Cross examination line and page numbers to be included. In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| *January 15, 2015* | **Pretrial Disclosures due**. Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| *January 8, 2015* | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.** Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench.<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |
| *October 11, 2014* | **Second mediation to be completed.** |
| *November 14, 2014* | **Response to Dispositive Motions (including *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits</u> will only be granted in <u>exceptional circumstances.</u> |
| **October 17, 2014**<br><br>Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits</u> will only be granted in exceptional circumstances.<br><br>For each motion filed, the moving party shall provide the Court with two (2) copies of the completed briefing (opening motion, response, reply, and if applicable, surreply), and any associated exhibits, in a three-ring binder appropriately tabbed. Courtesy copies shall be delivered to the Court as soon as briefing has completed. |
| *September 18, 2014* | **Deadline to File Letter Briefs for Summary Judgment Motions and *Daubert Motions*.** See the Court's website for further information. |
| *September 11, 2014* | **Expert Discovery Deadline.** |

| | |
|---|---|
| *August 21, 2014* | Parties designate rebuttal expert witnesses (non-claim construction issues), Rebuttal expert witness reports due. Refer to Local Rules for required information.<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| *July 24, 2014* | Parties with burden of proof designate expert witnesses (non-claim construction issues).Expert witness reports due. Refer to Local Rules for required information. |
| *July 15, 2014* | **Parties to Identify Rebuttal Trial Witnesses.** |
| *July 9, 2014* | **Fact Discovery Deadline.** |
| *June 20, 2014*<br>~~*June 6, 2014*~~ | **Parties to Identify Trial Witnesses.** |
| *June 6, 2014* | **Amend Pleadings** (after *Markman* Hearing).  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
| *May 9, 2014* | **Document Production Deadline.** |
| *March 4, 2014* | Comply with P.R. 3-7 - Furnishing documents and privilege logs pertaining to willful infringement.<br><br>**Deadline to File Motion to Limit Asserted Claims or Prior Art References/Combinations.**<br>The parties shall file any motions to limit asserted claims or prior art at this time, if necessary. |
| *February 25, 2014* | **Deadline to Limit Number of Asserted Prior Art References.**<br>Defendant shall reduce the number of prior art references—and any combinations thereof—to be asserted in support of Defendant's anticipation or obviousness theories to be presented at trial. As a general guideline, a manageable number of references per claim is no more than 2-3 references. Defendant must also identify how these references will be used, i.e., as anticipatory or in combination, against each asserted claim. Absent extraordinary circumstances, Plaintiff shall not file a motion to limit the number of asserted prior art references before this deadline. |
| *February 4, 2014* | **Deadline to Limit Number of Asserted Claims.**<br>Plaintiff shall reduce the number of asserted claims to a manageable number for trial.  As a general guideline, the Court considers a manageable number to be 10-12 claims for trial.  Absent extraordinary |

| | |
|---|---|
| | circumstances, Defendant shall not file a motion to limit the number of asserted claims prior to this deadline. |
| **November 7, 2013**<br><br>Court designated date – not flexible without good cause – Motion Required | *Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge K. Nicole Mitchell, Tyler, Texas. |
| *October 30, 2013* | **P.R. 4-5(d) Chart due**.  The parties are to meet and confer and jointly submit a claim construction chart on computer disk in Word format listing each party's proposed construction for each of the terms to be addressed at the *Markman* hearing, including any terms purported to be indefinite. The parties should prioritize and list the terms in order of most importance; the Court will address the terms in the prioritized order presented in the claim construction chart.<br><br>**Reply to Motion or Summary Judgment of Indefiniteness due.** The moving party is to provide the Court with 2 binders containing the entire set of briefing (opening motion, response, reply and surreply, if any) and exhibits appropriately tabbed. If a technical advisor has been appointed, the moving party is to provide briefing on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3).  Motions to extend page limits will only be granted in exceptional circumstances. |
| *October 28, 2013* | **Comply with P.R. 4-5(c)** - Reply brief and supporting evidence regarding claim construction due. Plaintiff is to provide the Court with 2 binders containing the *Markman* brief it in its entirety (opening brief, response, and reply) and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.** Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit.*See* Local Rules CV-7(a)(3).  Motions to extend page limits will only be granted in exceptional circumstances. |
| *October 23, 2013* | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing.  The Court will notify the parties if it is unable to accommodate this request. |
| *5 trial days* | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **17 days** in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

### OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (i) The fact that there are motions for summary judgment or motions to dismiss pending;

   (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

   (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

## So ORDERED and SIGNED this 3rd day of June, 2014.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE