IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| CELL AND NETWORK SELECTION LLC, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 6:13-CV-403 |
| vs. | § | |
| | § | |
| AT&T INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above-styled action was initially referred to United States Magistrate Judge K. Nicole Mitchell under 28 U.S.C. § 636. The action has since been directly assigned to Judge Mitchell under General Order 14-12. Presented for consideration is the Report and Recommendation of Judge Mitchell (the Report and Recommendation) (Doc. No. 148), which contains her construction of the Parties' disputed terms in United States Patent Number 6,195,551 (the '551 Patent), and her recommendation as to Defendants AT&T, Inc., AT&T Mobility LLC, MetroPCS Communications, Inc., MetroPCS Wireless, Inc., MetroPCS Texas, LLC, Huawei Technologies Co., Ltd., Huawei Technologies USA, Inc., Huawei Devices USA, Inc., Futurewei Technologies, Inc., ZTE Corporation, ZTE (USA), Inc., and ZTE Solutions, Inc.'s (collectively, Defendants)[1] Motion for Summary Judgment of Invalidity Based on Indefiniteness (Doc. No. 98). On May 16, 2014, Plaintiff Cell and Network Selection LLC

---

[1] Plaintiff and Defendants Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., Huawei Device USA Inc., and Futurewei Technologies, Inc. settled their respective claims, and these defendants were dismissed from the above-styled action (Doc. Nos. 141, 142).

1

objected to Judge Mitchell's construction of certain disputed terms, and moved for reconsideration (Doc. No. 152). On June 2, 2014, Defendants filed their response opposing Plaintiff's motion (Doc. No. 159).

For the reasons discussed below, the Court is of the opinion that the Judge's construction of the disputed terms is correct. The Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 148) as the opinion of this Court. Plaintiff's objections are overruled and its motion for reconsideration is **DENIED**.

**DISCUSSION**

The Report and Recommendation construed the terms "paging channel," "strength," "pilot channel," "synchronization," "judging whether step (E) is performed by a predetermined number," "judging whether a counting number by the counting operation of (F-1) is larger than the predetermined number," "cellular communication system," "threshold value," "counting performance number of step (E)" (*see* Doc. No. 148). The Report and Recommendation adopted and approved the Parties' agreed construction for the terms "idle handoff" and "judging." *Id.* The Report and Recommendation recommended granting Defendants' Motion for Summary Judgment of Invalidity Based on Indefiniteness (Docket No. 98) with respect to claim 14 and denying it with respect to claim 15. Plaintiff objects and moves for *de novo* reconsideration of the construction for the terms "paging channel" and "strength" (Doc. No. 152 at 1).[2]

**I.     "Paging Channel"**

Plaintiff contends that Judge Mitchell's construction of the term "paging channel" incorrectly imports limitations from a preferred embodiment and changes the scope of the claims (Doc. No. 152 at 2). Plaintiff argues that a person of ordinary skill in the art would understand

---

[2] The Court notes that neither Plaintiff nor Defendants raised any objections to Judge Mitchell's recommendations as to Defendants' Motion for Judgment of Invalidity Based on Indefiniteness (Doc. No. 98).

that a "paging channel" is still a "paging channel, whether or not it is 'encoded,' 'interleaved,' 'spread,' or a 'modulated spread spectrum signal,' as long as it is a signal that has a neighbor list and is used to transmit system information to a mobile device" (Doc. No. 152 at 3). Further, Plaintiff contends that the construction for "paging channel" must be consistent with the construction for "pilot channel." Plaintiff argues that "[b]ecause the '551 Patent specification does not *require* a 'pilot channel' to use a defined spreading code, it follows that a 'paging channel' is not required to be 'an encoded, interleaved, spread and modulated spread spectrum signal'" (Doc. No. 152 at 5).

Defendants respond that Plaintiff's proposed construction "would cover **any** channel, ignoring the express definition provided by the inventors in the specification" (Doc. No. 159 at 2). Additionally, Defendants respond that, unlike "pilot channel," "paging channel" is a defined term within the '551 Patent's specification, and any construction of the term must include that definition. *Id.* at 3–4. Defendants argue that Plaintiff's attempt to deviate from the '551 Patent's specification is improper "because extrinsic definitions may not be used to contradict 'any definition found in or ascertained by a reading of the patent documents'" (Doc. No. 159 at 5 (quoting *Phillips v. AWH Corp.*, 415 F.3d 1303, 1322–23 (Fed. Cir. 2005))). Plaintiff replies that a person of ordinary skill in the art would read the specification as a whole and understand that because "'pilot channel' is not described in the '551 Patent as 'an encoded, interleaved, spread and modulated spread spectrum signal,' … 'paging channel' would not be so limited either" (Doc. No. 169 at 2).

Plaintiff's objections merely rehash the arguments made in its claim construction briefing and at the *Markman* hearing.[3] While the patentees of the '551 Patent had the opportunity to

---

[3] On November 7, 2013, Magistrate Judge Mitchell held a *Markman* hearing, and heard oral arguments for Defendants' Motion for Summary Judgment of Invalidity Based on Indefiniteness (Doc. No. 98).

explicitly define "pilot channel" in the specification, they chose only to define "paging channel."[4] The Court will not assign meaning to an explicitly defined term based on the absence of a definition for another term. The patentees acted as their own lexicographer, and Judge Mitchell properly relied on their definition of "paging channel." Finally, as stated in the Report and Recommendation, the Court's construction does not limit the scope of the claims to the CDMA cellular communication standard per se, but instead only holds the patentee to the explicit definition provided in the '551 Patent's specification for this term.

## II. "Strength"

Plaintiff again contends Judge Mitchell's construction of the term "strength" incorrectly imports limitations from the '551 Patent's specification, and changes the scope of the claims (Doc. No. 152 at 6–8). Plaintiff contends that the term "strength" does not require construction (Doc. No. 152 at 6). Plaintiff argues that if a construction for "strength" were needed, "it should be defined to account for signal energy — a commonality which conforms to all possible interpretations to a person of ordinary skill in the art" (Doc. No. 152 at 7). Defendants respond that "strength" warrants construction because the Parties agree that the term does not have one plain and ordinary meaning (Doc. No. 159 at 7). Nor could the Parties agree on one such meaning (see Doc. No. 152 at 6–8, Doc. No. 159 at 7–9). Plaintiff replies that the Court's construction for "strength" was improper because "the inventors did *not* unequivocally assign it a special meaning" (Doc. No. 169 at 2).

---

[4] The '551 Patent states "[t]he paging channel is an encoded, interleaved, spread, and modulated spread spectrum signal that is used by mobile stations operating within the coverage area of the base station. The base station uses the paging channel to transmit system overhead information and mobile station specific messages." The '551 Patent, 4:30–35. Judge Mitchell construed "paging channel" as "an encoded, interleaved, spread, and modulated spread spectrum signal used to transmit system overhead information and mobile station specific messages" (Doc. No. 148 at 10).

Once more, Plaintiff's objections merely rehash the arguments it made in its claim construction briefing and at the *Markman* hearing. Plaintiff's argument ignores the fact that the patentees of the '551 Patent repeat the same definition for "strength" throughout the specification.[5] *See* the '551 Patent, 1:44–46; 5:7–9; 6:50–52; and 8:8–10. Thus, it was not improper for Judge Mitchell to rely on the patentees' definition of "strength." As with "paging channel," the Court's construction does not limit the scope of the claims to the CDMA cellular communication standard per se, but instead only holds the patentee to the explicit definition provided in the '551 Patent's specification for this term.

## CONCLUSION

For the foregoing reasons, the Court is of the opinion that Judge Mitchell's construction of the disputed terms is correct. The Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Doc. No. 148) as the opinion of this Court. Plaintiff's objections are overruled and its motion for reconsideration is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 23rd day of July, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[5] The '551 Patent assigns "strength" with an arbitrary variable, "A," and states "A = Ec/It." '551 Patent, 1:43–46. "That is, the ra[t]ios of received pilot energy per chip, Ec, to total received spectra density (noise and signals), It." The '551 Patent, 1:44–46; 5:7–9; 6:50–52; and 8:8–10. Judge Mitchell construed "strength" as "a ratio of received pilot energy per chip to total received spectral density (noise and signals)" (Doc. No. 148 at 12).