**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CELL AND NETWORK SELECTION LLC,** | § § | |
| Plaintiff, | § § | **Civil Action No. 6:13-cv-403-KNM** |
| | § | **PATENT CASE** |
| v. | § § | |
| **AT&T INC. ET AL.,** | § § | **JURY TRIAL DEMANDED** |
| | § | **LEAD CASE** |
| Defendants. | § | |
| **CELL AND NETWORK SELECTION LLC,** | § § | |
| Plaintiff, | § § | **Civil Action No. 6:13-cv-404-KNM** |
| v. | § § § | **PATENT CASE** |
| **METROPCS COMMUNICATIONS, INC., ET AL.** | § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

**ZTE'S MOTION TO STRIKE PLAINTIFF'S UNTIMELY
SECOND AMENDED INFRINGEMENT CONTENTIONS**

ZTE (USA) Inc. and its affiliates (collectively "ZTE") move to strike Cell and Network Selection LLC's ("CNS") Second Amended Infringement Contentions because they are untimely, CNS has no justification for its delay, and permitting them at this late stage of the litigation would be unduly prejudicial to ZTE.

**I.  UNDISPUTED FACTS**

CNS served its infringement contentions for the '551 patent over a year ago on June 12, 2013, as required by Local P.R. 3-1. *See* Dkt. 39. CNS first amended its infringement contentions late last year on November 8, 2013. Dkt. 132. ZTE consented to CNS's amendment with respect to all products still accused in this case. *Id*.

1

On May 2, 2014, Magistrate Judge Mitchell issued the *Markman* Order in this case. Dkt. 148. CNS filed objections to and a motion for reconsideration of Judge Mitchell's constructions of the claim terms "paging channel" and "strength" on May 16, 2014; but it did not seek to amend its contentions. Dkt. 152; Dkt. 169.

On July 23, 2014, the U.S. District Court overruled CNS's objections to the *Markman* Order, denied CNS's motion for reconsideration, and adopted Judge Mitchell's *Markman* Order. Dkt. 189. On August 5, 2014—***more than three months*** after issuance of the *Markman* Order, ***almost two weeks*** after the District Court adopted the *Markman* Order, ***just four days*** prior to the close of fact discovery, and ***less than two weeks*** prior to the deadline for service of opening expert reports—CNS purported to serve ZTE with CNS's Second Amended Infringement Contentions. Declaration of Everett Upshaw, Ex. 1.

## II.     LEGAL STANDARD

Local P.R. 3-6(a)(1) governs the amending of infringement contentions where, as is the case here, a plaintiff patentee has not sought leave to amend; and provides that "[i]f a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve 'Amended Infringement Contentions' without leave of court." P.R. 3-6(a)(1).

Consistent with the text of Rule 3-6(a)(1), the 30-day window is measured from the date of the Magistrate Judge's *Markman* Order, not from the date of resolution of motion practice relating thereto. *See* Order Granting Defendant's Motion to Strike, *Tyco Healthcare Group LP v. Applied Medical Research Corp.*, No. 9:09-CV-176 (E.D. Tex. Feb. 22, 2010), Dkt. 57 at 7 (explaining that the "very last day" for the party claiming patent infringement to amend its infringement contentions was "one month" after issuance of Magistrate Judge Giblin's supplemental claim construction order) (hereinafter "*Tyco* Order") (attached as Upshaw Decl, Ex. 2).

P.R. 3-6(a)(1) permits a party to amend its contentions "in response to an *unexpected* claim construction, not simply a construction with which the party disagrees." *See* Order, *Saffran v. Boston Sci. Corp.*, No. 2:05-cv-547 (E.D. Tex. Jan. 28, 2008), Dkt. 143 at 5 (citing *Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007)) (emphasis in original) (attached as Upshaw Decl., Ex. 3). Any broader interpretation of the rule would undermine the "good faith" threshold of Local P.R. 3-6(a)(1) (and the basic structure of the patent rules) by permitting any plaintiff to assert new claims under P.R. 3-6 in response to any adverse claim construction. *See, e.g.*, Order, *Ameranth, Inc. v. Menusoft Sys. Corp.*, No. 2:07-cv-271 (E.D. Tex. Aug. 23, 2010), Dkt. 200 at 2 (hereinafter "*Ameranth* Order") (attached as Upshaw Decl, Ex. 4).

### III. ARGUMENT

CNS cannot amend its infringement contentions pursuant to P.R. 3-6(a)(1) for two independent and sufficient reasons: because (1) CNS's amendments are untimely; and (2) CNS's amendments are not made in "good faith."

#### A. CNS's Second Amended Contentions Are Untimely

CNS's thirty day window to amend pursuant to Local P.R. 3-6(a)(1) opened on May 2, 2014, the day Judge Mitchell served the *Markman* Order, and closed on June 1, 2014. *See Tyco* Order at 6. Because CNS did not purport to amend its contentions until August 5, 2014—more than 60 days later—CNS's purported amendment is untimely as a matter of law.

#### B. CNS's Second Amended Contentions Do Not Meet The "Good Faith" Threshold.

Judge Mitchell's constructions of "paging channel" and "strength" could not possibly have been "unexpected" because they were the same constructions that the defendants advanced during the Court's claim construction proceedings. *See* Dkt. 99 at 4-10; Dkt. 118 at 1-3; *see also* Dkt. 148 at 8-12 (adopting defendants' proposed construction of "paging channel" and "strength"). Because the defendants advocated for these constructions, CNS knew these constructions were distinctly possible—

3

for months—before Judge Mitchell's order was entered. Judge Mitchell's constructions could not have been "unexpected" within the meaning of the rule on May 2nd—*let alone on July 23rd*—when CNS's objections were overruled. *See, e.g.*, *Ameranth* Order at 2.

## IV. CONCLUSION

For the foregoing reasons, ZTE's Motion to Strike Plaintiff's purported Second Amended Infringement Contentions should be granted.

DATED: August 21, 2014

Respectfully submitted,

 */s/ Everett Upshaw*
Everett Upshaw
State Bar of Texas No. 24025690
everettupshaw@everettupshaw.com
David A. Bailey
State Bar of Texas No. 24078177
davidbailey@everettupshaw.com
**LAW OFFICE OF EVERETT UPSHAW, PLLC**
811 S. Central Expressway, Suite 307
Richardson, Texas 75080
P: (972) 920-8000
F: (972) 920-8001

***ATTORNEYS FOR DEFENDANTS***
***ZTE CORPORATION, ZTE (USA) INC., and***
***ZTE SOLUTIONS, INC.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on August 21, 2014.

  */s/ Everett Upshaw*
Everett Upshaw

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that, pursuant to Local Rule CV-7(h), Counsel for ZTE met and conferred with Counsel for Plaintiff on August 21, 2014, regarding the relief requested in this motion, and the parties were unable to reach agreement.

  */s/ Everett Upshaw*
Everett Upshaw